IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDWARD JAMES GERMANY, #1562965** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-0118-D | |
| § | | |
| **JOHN DOE, Officer from Brazoria County** § | | |
| **Sheriff Department,** § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate seeking leave to proceed *in forma pauperis*.

Parties: Plaintiff is presently incarcerated within the Texas Department of Criminal Justice, Correctional Institutions Division, at the Jester IV Unit in Richmond, Texas. Defendant is a John Doe Officer from the Brazoria County Sheriff's Department. The court has not issued process in this case pending preliminary screening.

Statement of the Case: On January 26, 2010, the magistrate judge issued a deficiency order notifying Plaintiff that his complaint was illegible, and that his motion to proceed *in forma pauperis* did not include a certified statement of the balance in his inmate trust account. The order directed Plaintiff to cure the deficiencies within thirty days and cautioned him that failure

to comply would result in a recommendation that the complaint be dismissed for failure to prosecute.  As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order.

   Findings and Conclusions:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)).

   Because Plaintiff has been given ample opportunity to comply with the deficiency order, but he has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *see also Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1] It is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case.  The complaint fails to allege when the events at issue occurred.  (Doc. #1.)

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that Plaintiff's motion to proceed *in forma pauperis* be DENIED as moot.

Signed this 9th day of March, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.